S. SCHULEIN CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ESTATE OF SIGMUND SCHULEIN, BENJAMIN SCHULEIN, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPOND-ENT.

Docket Nos. 34828, 34829, 45759. Promulgated July 21, 1930.

*Benjamin Becker, C. P. A.,* and *Solomon Schulein,* for the petitioners.

*Hartford Allen, Esq.,* for the respondent.

OPINION.

McMAHON: Docket No. 34828 purports to cover the year 1924, but since the respondent did not determine a deficiency for that year it is not within our jurisdiction.

It is alleged in the petition in that docket that the respondent erred in reducing the deduction claimed by the corporation as salary paid to its president, Sigmund Schulein, in the years 1925 and 1926, from $12,000 to $9,000. It is the contention of the petitioner that $12,000 was a reasonable salary for its president, who attended to all the details of managing the corporation's business. Petitioner claims that this is evidenced by the fact that that salary was authorized for Sigmund Schulein in 1912, at which time there were no income-tax acts in force. However, at the time this salary was authorized Sigmund Schulein was the owner of all the stock of the corporation and completely dominated it, and such authorization does not necessarily show that his services were worth that amount. The petitioner has introduced no other evidence which indicates that Sigmund Schulein's services were reasonably worth more than $9,000 per year.

At the hearing Solomon Schulein testified that real estate agents would have charged $5,000 or $6,000 per year to manage the properties of the corporation and that then the stockholders would not have been safeguarded as well as if one of its officers had charge of the properties. This is an opinion, argumentative in character, and we can not make a finding of fact upon it.

The respondent, in his amended answer, affirmatively alleged that the deduction on account of Sigmund Schulein's salary for each of the years 1925 and 1926 should be further reduced to $3,600. However, the burden of proving that the deduction should be reduced is upon the respondent and he has introduced no evidence to show that Sigmund Schulein's services were reasonably worth less than $9,000 per year. We must approve the respondent's determination that a reasonable salary for Sigmund Schulein for the years 1925 and 1926 was $9,000.

In Docket No. 45759 it is alleged that the respondent erred in failing to find that the salary of $9,000 paid to B. Schulein in 1927 was an allowable deduction. We have no evidence to show just what the respondent did in this regard except the statement of counsel for the respondent at the hearing that the claimed deduction was reduced to $3,600. The evidence discloses that after Sigmund Schulein died, Benjamin Schulein, who was the secretary of the corporation, was authorized by the other stockholders to manage the properties of the corporation. He was familiar with the business, but devoted only a part of his time to it and the other stockholders did not consider his services as valuable as those of Sigmund Schulein had been. There is no evidence in the record upon which we can determine that the services of Benjamin Schulein were reasonably worth $9,000 per year. The determination of the respondent in this regard must be approved.

In Docket No. 34829 it is alleged that the respondent erred in adding to the net income of Sigmund Schulein for the years 1923, 1924, 1925, and 1926, as dividends, amounts of withdrawals made by him from the corporation. We are not advised as to these amounts. The revenue agent's report upon the S. Schulein Co., which was rendered in 1927, makes some reference to amounts withdrawn by Sigmund Schulein, but from this report we can not definitely determine just what amounts the respondent has held are taxable to him.

It is the contention of the petitioner that these withdrawals were loans made by the corporation to Sigmund Schulein. The main basis upon which the petitioner rests its contention is that the S. Schulein Co. during those years was operating at a deficit and that these withdrawals could not have been dividends, since there was no surplus out of which to declare dividends, and that to hold that they were dividends would be to hold that the corporation had violated the law of Iowa, which provides that dividends may not be declared in such circumstances. However, the petitioner has not introduced any evidence from which we can determine that the corporation was operating at a loss. The books of the corporation were not submitted in evidence. Petitioner did submit in evidence an analysis of the financial condition of the corporation which was based

upon a balance sheet and analyses of the corporation's surplus account as set forth in the revenue agent's report. Such evidence was received, without objection on the part of the respondent, for the sole purpose of showing what the respondent did. We are, therefore, without sufficient evidence upon which to base a conclusion as to the financial condition of the corporation. Even if the corporation had been operating at a loss, we do not believe that this would conclusively show that the amounts withdrawn were not taxable to Sigmund Schulein. Such withdrawals may have been distributions from capital of the corporation. The burden of proof as to this issue is upon the petitioner and there is a presumption that the respondent has correctly determined the petitioner's tax liability. The petitioner introduced no evidence to show that Sigmund Schulein gave the corporation any evidence of indebtedness on account of the withdrawals, that the withdrawals were treated on the original books of the corporation as loans, or that Sigmund Schulein ever repaid the amounts withdrawn. The petitioner has not introduced evidence sufficient to overcome the presumption of correctness of the respondent's determination, and such determination must be approved.

The record shows that for the years 1923, 1924, 1925, and 1926 the respondent determined that there is a total of deficiencies in the amount of $983.47 against the Estate of Sigmund Schulein, but we are not advised as to the deficiency for each individual year.

*Judgment will be entered under Rule 50.*